UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN CANTONE, as Special | ) | |
| Administrator of the Estate of | ) | |
| MICHAEL CANTONE, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| GABLER THERMOFORM GMBH & | ) | |
| CO. KG; LYLE INDUSTRIES, LLC; | ) | |
| BROWN MACHINE II LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Now come the Defendants, BROWN, LLC, incorrectly sued as Brown Machine II LLC ("BROWN"), and LYLE INDUSTRIES, LLC ("LYLE INDUSTRIES"), by and through its attorneys, Kralovec & Marquard, Chartered, and pursuant to 28 USC § 1332, 28 USC § 1441 (a) and (b) and 28 USC § 1446, and hereby file its Notice of Removal of this cause from the Circuit Court of the First Judicial District, Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. Defendants, BROWN and LYLE INDUSTRIES, set forth herein a short and plain statement of the grounds for removal as required by 28 USC § 1446(a).

### I. INTRODUCTION.

1. Defendants, BROWN and LYLE INDUSTRIES, seek to remove this case to the United States District Court. Defendants file this Notice of Removal of civil action to the United States District Court for the Northern District of Illinois, Eastern Division, in order to remove this action

from the Circuit Court of the First Judicial Circuit, Cook County, State of Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

2.   Defendants, BROWN and LYLE INDUSTRIES, were served with a Summons and Complaint on March 19, 2019. (See Ex. A, Affidavit of Michael Johnson, Chief Financial Officer of BROWN and LYLE INDUSTRIES.) Defendants' Counsel was provided with a copy of the Complaint on March 20, 2019. This Notice of Removal is filed within thirty days of the date of service of Summons upon the Defendants, BROWN and LYLE INDUSTRIES.

3.   On February 19, 2019, the Plaintiff, KAREN CANTONE, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL CANTONE, DECEASED ("CANTONE"), filed this wrongful death civil action against Defendants, BROWN and LYLE INDUSTRIES, in the Circuit Court of the First Judicial District, Cook County, Illinois, Law Division, Case Number 2018 L 011875 ("State Court Action"). In her Complaint, CANTORE seeks damages for the death of Michael Cantone, whom she claims was her husband. A copy of Plaintiff's Complaint is attached as Exhibit B.

4.   The allegations of the Complaint assert that Plaintiff's Decedent, Michael Cantone, suffered fatal injuries on October 24, 2018 while operating a Thermoforming Machine at a plant located in the Village of Sauk Village, Cook County, Illinois. (See pages 1 -3 of Exhibit A.) The Complaint also identifies the Decedent's wife, KAREN CANTORE, as the Special Administrator of the Estate of Michael Cantone, Deceased. The allegations of the Complaint assert that on and prior to October 24, 2018, Defendants, BROWN and LYLE INDUSTRIES, and Gabler Thermoform GmbH & Co. KG, were engaged in the business of designing, manufacturing and selling the product commonly known as a M98 Thermoform Machine. (See Exhibit B, pars 1,2.)

2

5. Count I of the Complaint is directed against all three Defendants and sounds in strict products liability. It is brought under the Illinois Wrongful Death Act (740 ILCS 180/1 et. seq.). It asserts, *inter alia*, that the MG98 Thermoform Machine was unreasonably dangerous in design and/or due to manufacturing defects and that said defects proximately caused the injuries and death to Plaintiff's Decedent. Count II of the Complaint, also asserted against all Defendants, contains the same charging allegations as Count I, except that it is pled under a negligence theory. Both counts assert, *inter alia*, that as a direct result of the allegedly dangerous conditions or defects of the MG 98 Thermoform Machine, Plaintiff's Decedent suffered injury and death.

6. Upon information and belief, Gabler Thermoform GmbH & Co. KG is a German Corporation (Attached as Ex. C is Gabler's website stating a Company address of Niels-Bohr-Ring 5a, Lubeck, Germany.) As of the date of the filing of this Notice of Removal, Gabler Thermoform had not been served with Summons in the State Court action. (Ex. D, Donnelly Affidavit).

DIVERSITY OF CITIZENSHIP.

7. Defendants, BROWN and LYLE INDUSTRIES, remove this case to the United States District Court for the Northern District of Illinois, Eastern Division, based upon the diversity jurisdiction of the United States District Court for the Northern District of Illinois. As set forth below, this Court has jurisdiction over this matter pursuant to 28 USC § 1332. This case is removable pursuant to 28 USC § 1441(a) based upon the complete diversity of citizenship of the parties and the amount in controversy. Under 28 USC § 1441(a) this Court is the proper venue as Cook County is among those counties that comprise the Eastern Division of the United States District Court, Northern District of Illinois. See 28 USC § 93 (a) (2).

8. Plaintiff's Decedent was a citizen of the State of Illinois. Pursuant to Federal Rule of Civil Procedure 11(b)(3), Defendants believe this assertion will have evidentiary support after a

reasonable opportunity for investigation or discovery. (See Exhibit D, Donnelly Affidavit, which attaches Plaintiff's Decedent's obituary stating the Decedent resided in Peotone.) As Plaintiff's Decedent was a citizen of the State Illinois, the Plaintiff in her representative capacity is also a citizen of the State of Illinois for the purpose of establishing diversity of citizenship. (See 28 USC 1332 [c][2]: "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.")

9. As set forth in Exhibit A, Affidavit of Michael Johnson, at all relevant times, including the date the Complaint was filed, the date it was served, and the date of the filing of this Notice of Removal, Defendants, BROWN and LYLE INDUSTRIES, were organized under the laws of the State of Minnesota. The principle place of business of both BROWN and LYLE INDUSTRIES is 330 N. Ross Street, Beaverton, Michigan. BROWN and LYLE INDUSTRIES are not citizens of Illinois.

Mr. Johnson further attests that Defendants, BROWN and LYLE INDUSTRIES, have the same Member, namely, Thermoforming Technologies Group, LLC, incorporated in Minnesota. The Member of Thermoforming Technologies Group, LLC is Brown Machine Group Holdings, LLC, incorporated in Delaware. The Member of Brown Machine Group Holdings, LLC is Brown Intermediate Holdings, Inc., incorporated in Delaware. Brown Machine Group Holdings, LLC and Brown Intermediate Holdings, Inc. are not citizens of Illinois and their principle place of business is 330 N. Ross Street, Beaverton, Michigan.

10. The matter in controversy exceeds $75,000.00. This assertion is based upon the following facts: (1) Plaintiff's Complaint is brought under the Illinois Wrongful Death Act, and the damages sought in such cases in recent years substantially exceed $75,000.00. (See Ex. D, Affidavit of Daniel J. Donnelly); (2) Plaintiff seeks to recover personal and pecuniary damages,

including sorrow, grief, and loss of love, affection, guidance, companionship, society, and consortium of the Plaintiff's Decedent as a result of the death. and (3) in each of its two counts, Plaintiff's Complaint seeks damages, "the total of which *substantially* exceeds the minimum jurisdictional amount." (See Ex. B, Count I, Wherefore clause) (Emphasis supplied). (See also Exhibit D, Donnelly Affidavit, attaching a representative wrongful death verdict report in Cook County, Illinois.) This Court can take judicial notice that the minimum jurisdictional amount for the Circuit Court of Cook County, Law Division is $50,000.00.

    11.  This matter is removable pursuant to 28 USC § 1441 and 28 USC § 1332 because complete diversity exists (Plaintiff is a citizen of Illinois and Defendants are citizens of Michigan) and the amount in controversy exceeds $75,000.00.

    12.  Pursuant to 20 USC 1446 (d), Defendants, BROWN and LYLE INDUSTRIES, will provide a copy of this Notice of Removal to the Plaintiff's Counsel and to the Clerk of the Court of the First Judicial Circuit, Cook County, Illinois promptly following the filing of this Notice of Removal.

    13.  By filing this Notice of Removal, Defendants, BROWN and LYLE INDUSTRIES, do not waive any defenses that may be available to it.

                    Respectfully Submitted,

                    KRALOVEC & MARQUARD, CHARTERED

            By:    /s/ Daniel J. Donnelly
                    Attorneys for Defendant BROWN, LLC and
                    LYLE INDUSTRIES, LLC

Michael J. Mullen (ARDC # 06182941)
Daniel J. Donnelly (ARDC # 06191642)
KRALOVEC & MARQUARD, CHARTERED
55 West Monroe Street, Suite 1000
Chicago, Illinois 60603
Tel: (312) 346-6027

## AFFIDAVIT OF MAILING

I, Nancy A. Moran, a non-attorney, being first duly sworn, upon oath, deposes and says that affiant served a copy of the foregoing Notice of Removal by enclosing a copy of the same in a sealed envelope, postage prepaid, and depositing in the U.S. Mail at 55 West Monroe Street, Chicago, Illinois, before the hour of 5:00 p.m. on April 9, 2019; said envelopes being addressed as follows:

> Clifford W. Horwitz, Esq.
> Horwitz, Horwitz, and Associates, Ltd.
> 25 East Washington Street, Suite 900
> Chicago, IL  60602

SUBSCRIBED and SWORN to before me this

_____ 9th _____ day of _____ April _____, 2019.

_____
Notary Public

OFFICIAL SEAL
EILEEN N WALSH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/23/22