FILED
1/7/2019 1:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L011875

ATTORNEY CODE # 04771
STATE OF ILLINOIS            )
                             ) SS:
COUNTY OF COOK               )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KAREN CANTONE, AS SPECIAL            )
ADMINISTRATOR OF THE ESTATE OF       )
MICHAEL CANTONE, DECEASED,           )
                                     )
                Plaintiff,                )
                                     )
v.                                   )   NO. 2018 L 011875
                                     )
GABLER THERMOFORM GMBH & CO.         )
KG; LYLE INDUSTRIES, LLC; BROWN      )
MACHINE II, LLC,                     )
                                     )
                Defendants.               )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KAREN CANTONE, as Special Administrator of the Estate of MICHAEL CANTONE, Deceased, by her attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, Gabler Thermoform GmbH & Co. KG, Lyle Industries, LLC and Brown Machine II, LLC, alleges as follows:

### COUNT I

### Strict Products Liability Wrongful Death Claim

1. That on and prior to October 24, 2018, the Defendants, Gabler Thermoform GmbH & Co. KG, Lyle Industries, LLC and Brown Machine II, LLC, had been engaged or participated in the business of designing, preparing, manufacturing, advertising, distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known, based on information and belief, as an M98 Thermoform Machine, and that prior to the said date,

EXHIBIT B

the defendants had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

2. That the three defendants acted in concert to perform the acts identified in allegation 1 above.

3. The three defendants acted in partnership to perform each of the acts identified in allegation 1 above.

4. That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at 1111 Winpak Way, Village of Sauk Village, County of Cook, and State of Illinois

5. That at said time and place, Michael Cantone, deceased, upon information and belief, was injured and killed in an incident involving the aforesaid product.

6. That at said time and place, there was no abnormal use of the aforesaid product and/or its appurtenances.

7. That at said time there was no reasonable secondary cause of the injury and death.

8. That at said time, the aforesaid product failed to perform as reasonably expected in light of its nature and function.

9. That at said time the aforesaid product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged, intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the defendants, in one or more of the following ways, upon information and belief:

    a. Product had propensity to crush a user or bystander;
    b. Product failed to have adequate interlocks to prevent this death;
    c. Product would function when a person was subject to being crushed;
    d. Product didn't have an adequate emergency stop;
    e. User could be exposed to pinch points

  f. Product lacked adequate warnings to prevent the above a-e

  g. Product lacked adequate guarding to prevent a-e;

10. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenance and controls, Plaintiff's Decedent was injured and then and there sustained permanent injuries, causing death. As a result, the next-of kin of the Decedent have suffered great losses both personal and pecuniary in nature, including sorrow, grief, and loss of love, affection, guidance, companionship, society and consortium of the Plaintiff's Decedent as a result of the death, subjecting the defendants to liability pursuant to 740 ILCS 180/1 et seq. which is more commonly known as The Wrongful Death Act.

11. The next of Kin and corresponding relationship to decedent are as follows:

  Karen Cantone – wife

  Kyle Cantone – adult son

  Chad Cantone – adult son

  Ashley Walling – adult daughter

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Karen Cantone, as Special Administrator of the Estate of Michael Cantone, Deceased, on behalf of the next-of-kin, against the Defendants, in a dollar amount necessary to fully and fairly compensate the next-of-kin for their losses under the terms of the Wrongful Death Act and such additional amounts as the Court shall deem proper, plus the costs of this action, the total of which substantially exceed the minimum jurisdictional amount.

### COUNT II
### Negligence Products Liability Wrongful Death Claim

1. That on and prior to October 24, 2018, the Defendants, Gabler Thermoform GmbH & Co. KG, Lyle Industries, LLC and Brown Machine II, LLC had been engaged or participated in

the business of designing, preparing, manufacturing, advertising, distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known, based on information and belief, as an automatic thermoforming machine, and that prior to the said date, the defendants had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

2. That the three defendants acted in concert to perform the acts identified in allegation 1 above.
3. The three defendants acted in partnership to perform each of the acts identified in allegation 1 above.
4. That on the aforesaid date, the aforesaid product and/or its appurtenances was in use at 1111 Winpak Way, Village of Sauk Village, County of Cook, and State of Illinois
5. That at said time and place, Michael Cantone, deceased, upon information and belief, was injured and killed in an incident involving the aforesaid product.
6. That at said time and place, there was no abnormal use of the aforesaid product and/or its appurtenances.
7. That at said time and place, there was no reasonable secondary cause of the injury and death.
8. That at said time and place, the aforesaid product failed to perform as reasonably expected in light of its nature and function.
9. That at said time and place, the aforesaid product and/or appurtenances was in an unreasonably dangerous condition with regard to its acknowledged, intended, and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the defendants, and defendant was negligent in one or more of the following ways, upon information and belief:
    a. Product had propensity to crush a user or bystander;

   b. Product failed to have adequate interlocks to prevent this death;

   c. Product would function when a person was subject to being crushed;

   d. Product didn't have an adequate emergency stop;

   e. User could be exposed to pinch points

   f. Product lacked adequate warnings to prevent the above a-e

   g. Product lacked adequate guarding to prevent a-e;

10. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenance and controls, Plaintiff's Decedent was injured and then and there sustained permanent injuries, causing death. As a result, the next-of kin of the Decedent have suffered great losses both personal and pecuniary in nature, including sorrow, grief, and loss of love, affection, guidance, companionship, society and consortium of the Plaintiff's Decedent as a result of the death, subjecting the defendants to liability pursuant to 740 ILCS 180/1 et seq. which is more commonly known as The Wrongful Death Act.

11. The next of Kin and corresponding relationship to decedent are as follows:

   Karen Cantone – wife

   Kyle Cantone – adult son

   Chad Cantone – adult son

   Ashley Walling – adult daughter

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Karen Cantone, as Special Administrator of the Estate of Michael Cantone, Deceased, on behalf of the next-of-kin, against the Defendants, in a dollar amount necessary to fully and fairly compensate the next-of-kin for their losses under the terms of the Wrongful Death Act and

such additional amounts as the Court shall deem proper, plus the costs of this action, the total of which substantially exceed the minimum jurisdictional amount.

Clifford W. Horwitz
Horwitz, Horwitz, and Associates, LTD.
25 E. Washington, Suite 900
Chicago, IL 60602
Office: (312) 372-8822
Email: clmail@horwitzlaw.com

30324

ATTORNEY CODE # 04771
STATE OF ILLINOIS        )
                         ) SS:
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KAREN CANTONE, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL CANTONE, DECEASED, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | NO. |
| GABLER THERMOFORM GMBH & CO. KG; LYLE INDUSTRIES, LLC; BROWN MACHINE II, LLC, ) ) ) ) | |
| Defendants. ) | |

### SUPREME COURT RULE 222(b) AFFIDAVIT

1. The undersigned, Clifford W. Horwitz, does hereby state under oath and under penalty of perjury:

2. My name is Clifford Horwitz.

3. I represent the Plaintiff in the above-captioned case.

4. I have conducted an investigation into this case.

5. The Plaintiff is seeking damages in excess of $50,000.00

6. FURTHER AFFIANT SAYETH NOT

_____
Clifford W. Horwitz

HORWITZ, HORWITZ AND ASSOCIATES, LTD.
Attorneys at Law
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax (312) 372-1673

3032-I

ATTORNEY CODE # 04771
STATE OF ILLINOIS      )
                       ) SS:
COUNTY OF COOK         )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KAREN CANTONE, AS SPECIAL            )
ADMINISTRATOR OF THE ESTATE OF       )
MICHAEL CANTONE, DECEASED,           )
                                     )
                Plaintiff,           )
                                     )
v.                                   )     NO.
                                     )
GABLER THERMOFORM GMBH & CO.         )
KG; LYLE INDUSTRIES, LLC; BROWN      )
MACHINE II, LLC,                     )
                                     )
                Defendants.          )
                                     )

## JURY DEMAND

The undersigned demands a jury trial.

Clifford W. Horwitz
Horwitz, Horwitz, and Associates, LTD.
25 E. Washington, Suite 900
Chicago, IL 60602
Office: (312) 372-8822
Email: clmail@horwitzlaw.com